IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LANITA CRISWELL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; AND LASHEENA NEAL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiffs*<br><br>-vs-<br><br>FROST BANK,<br>*Defendant* | SA-24-CV-00327-XR |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation ("Recommendation") in the above-numbered case, filed August 16, 2024 (ECF No. 17), regarding Defendant's motion to compel individual arbitration, strike Plaintiffs' class allegations, and dismiss this action in its entirety (ECF No. 4). After careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation to compel arbitration and otherwise deny Defendant's motion in all respects.

### BACKGROUND

Plaintiffs Lanita Criswell and Lasheena Neal originally filed this case as a putative class action, asserting claims against Defendant Frost Bank for breach of contract and violation of Regulation E of the Electronic Funds Transfer Act stemming from Defendant's overdraft policy and practice.

Overdraft fees are sometimes imposed by banks when a transaction results in a negative balance. Plaintiffs, who each were hit with a $35 overdraft fee, challenged Frost Bank's alleged practice of charging overdraft fees on later-settled transactions, which, at the time of authorization,

did not result in a negative balance. ECF No. 1 ¶¶ 14–19, 56–57. Also known as "authorize positive, settle negative" transactions, Plaintiffs assert that this practice leads to consumers being assessed multiple overdraft fees when they may reasonably have expected only one. *Id.* ¶ 22. Plaintiffs contend that Defendant misrepresented its "true debit card processing and overdraft practices" and seek damages. *Id.* ¶¶ 43–44.

Defendant moved to compel individual arbitration, relying on the Deposit Agreement between Plaintiffs and Defendant that expressly provides for individual arbitration. ECF No. 4 at 11–14. Defendant also moved to strike the class allegations and dismiss the complaint on *res judicata* and principals of comity, arguing that a prior "mirror-image overdraft class action" in Texas state court that was nonsuited with prejudice bars this action. *Id.* at 16–22 (citing *Woods v. Frost Bank*, No. 2021-CI-26208 (Bexar County, Tex.) (hereinafter, the "*Woods* Action"). Defendant also asserted that Plaintiffs' breach-of-contract claims were barred by the statute of limitations. *See* ECF No. 4 at 22–23

In response, Plaintiffs dropped their class claims and agreed to submit their individual claims (and Defendant's statute-of-limitations defense) to an arbitrator. ECF No. 12. Plaintiffs, however, rejected Defendant's *res judicata* and comity theories and argued that certain provisions in the Deposit Agreement governing pre-arbitration dispute resolution procedures—"in-person" negotiations and mediations at equal cost to the parties—were unconscionable. ECF No. 13 at 5.

After this development, the Magistrate Judge recommended Defendant's motion to compel individual arbitration be granted and Defendant's motion to dismiss on statute of limitations be denied without prejudice. ECF No. 17. The Magistrate Judge rejected Plaintiffs' argument that, before submitting the case to arbitration, the Court should strike the arbitration agreement's pre-arbitration negotiation and mediation requirements as unconscionable. Plaintiffs'

unconscionability challenge was moot because Plaintiffs can (and did) opt to bypass pre-arbitration dispute resolution and proceed straight to arbitration. *Id.* at 5.

The Magistrate Judge rejected Defendant's argument that Plaintiffs' class claims were barred by *res judicata*,[1] reasoning that (1) the pre-certification non-suit in the *Woods* Action could not bind unnamed class members and (2) Plaintiffs' class claims were mooted by their decision to submit to individual arbitration. *See* ECF No. 17 at 6–9 (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties.") and *Palais Royal, Inc. v. Partida*, 916 S.W.2d 650, 653 (Tex. App.—Corpus Christi-Edinburgh 1996, no writ) (embracing the same principle)); *id.* at 7 (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("[A] putative class acquires an independent legal status *once it is certified* under Rule 23.") (emphasis added)).

The Magistrate Judge was unmoved by Defendant's plea for a ruling barring future class actions to "prevent counsel from abusing the judicial process by filing future class actions" governed by a binding agreement to arbitrate:

> [T]he conundrum Frost Bank finds itself in is of its own making. Frost Bank chose to prohibit the litigation of class claims in limiting its account holders to individual arbitration, rather than permitting resolution of claims on a class-wide basis. Frost Bank also chose to move to compel arbitration prior to certification of a class action in both this case and in Woods. Both of these decisions have limited the preclusive effect of any decision on the merits as to other account holders who wish to bring similar claims.

*Id.* at 8.

---

[1] *Res judicata* requires (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties of those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (same, for the federal standard). The Court applies the law of the state when asked to give res judicata effect to a state court judgment. *See Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983) ("A federal court, asked to give res judicata effect to a state court judgment, must apply the res judicata principals of the law of the state whose decision is set up as a bar to further litigation.").

Similarly, the Magistrate Judge rejected Defendant's argument that the class claims should be stricken on principles of comity. The Magistrate Judge pointed out that Defendant was "not asking the Court to apply legal principles or conclusions from the *Woods* decision to find that the class claims lack merit and should be stricken." *Id.* at 9. Instead, Defendant sought to foreclose any similar claim by an account holder of Defendant. *Id.* at 8–9. Not only does comity not extend this far but applying it in this way would allow comity to eviscerate the strict requirements of *res judicata*.

Finally, the Magistrate Judge recommended that the Court stay the case pending arbitration (rather than dismiss it), relying on the Supreme Court's recent holding in *Smith v. Spizziri* that courts must grant a party's request for a stay pending arbitration, even if all claims are subject to arbitration. ECF No. 17 at 9 (citing 601 U.S. 472, 475–76 (2024) (mandatory "shall" language in 9 U.S.C. § 3 "creates an obligation impervious to judicial discretion")). Even though Plaintiffs have not explicitly requested a stay, they generally oppose all relief requested in Defendants' motion other than submitting their claims to arbitration, including dismissal of this suit. *Id.*

## ANALYSIS

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiffs were served with a copy of the Report and Recommendation via electronic transmittal on August 16, 2024. No objections have been filed with the Court, nor has either party asked for an extension of time to do so.

Because no party has timely objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A

judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ADOPTS** the Magistrate Judge's Recommendation in all respects.

## CONCLUSION

Defendant's Motion (ECF No. 4) is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** with respect to Defendant's request to compel individual arbitration and **DENIED** in all other respects.

The parties are **DIRECTED** to file an advisory as to the status of the arbitration **by no later than March 17, 2025**, with additional advisories to follow every 180 days thereafter. The parties must inform the Court of the outcome of the arbitration within 30 days of the conclusion of the proceedings.

**IT IS FURTHER ORDERED** that all deadlines and proceedings in this matter are **STAYED** pending resolution of the arbitration proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending arbitration. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay.").

It is **SO ORDERED**.

**SIGNED** this 18th day of September, 2024.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE